# IN RE LORRIN ANDREWS, ATTORNEY GENERAL.

### APPEAL FROM THE AUDITOR OF THE TERRITORY.

SUBMITTED FEBRUARY 20, 1905.　　DECIDED MARCH 6, 1905.

### FREAR, C.J., HARTWELL AND WILDER, JJ.

Duty of circuit court stenographer, subject to direction of court, to furnish to attorney general without charge copy of transcript of evidence in law action instituted for use of Territory.

#### OPINION OF THE JUSTICES BY WILDER, J.

In May, 1903, an action was instituted in the first circuit court by the Territory against Cotton Bros. in which the jury rendered a verdict in May, 1904, in favor of the plaintiff. Defendants thereafter filed a motion for a new trial and also a bill of exceptions. The attorney general, who appeared for the Territory in the action, ordered a copy of the transcript of the evidence therein from the official stenographer for the purposes of said motion and on the hearing of the bill of exceptions. The official stenographer delivered a copy of the transcript to the attorney general and presented with it a bill for the same amounting to $43.74. This bill the attorney general approved and drew a voucher for that amount against the appropriation for incidentals in his department. The auditor refused to audit the bill and refused to draw a warrant

for the amount thereof. The attorney general now appeals from the decision of the auditor.

The stenographer was appointed under the authority of section 1692 of the Revised Laws, which provides that he "shall receive for his services such salary as the legislature may from time to time appropriate." A salary was appropriated by the legislature for the stenographer.

The sole question at issue is, did the attorney general have the right to draw on the appropriation for incidentals in his department in order to pay the stenographer in question for a copy of the transcript furnished.

The duties of a circuit court stenographer are not defined by statute, and are in law such duties as are reasonably appropriate to the office of a court stenographer. Such duties would include the furnishing of transcripts of the evidence or copies in proper cases subject to the directions of the judge or court before whom such evidence was taken. In our opinion it is a reasonable duty of, and within the scope of the services to be performed by, the stenographer to furnish free of charge a carbon copy of the transcript of evidence to the attorney general on direction of the judge or court in a proper case. The procedure should be for the attorney general to request the trial court to order the stenographer to furnish him with a copy of the transcript desired. In a proper case, such as the one referred to in this matter, the duty of the trial court would be to direct the stenographer as requested. If it was not a case where the attorney general was entitled to a copy of the transcript free of charge, then he could draw on his incidental appropriation to pay for the same if the transcript was desired for official purposes. But that is not this case.

It has not been shown that the attorney general requested the trial court to direct the stenographer as above set forth, and for that reason the appeal should be dismissed. But, inasmuch as such request of the trial court, if it had been made, would without doubt have been granted, it is clear that the stenographer is not entitled to be paid in excess of his salary

for this copy of the transcript, and for this reason also the appeal should be dismissed.

The auditor was right in refusing to issue the warrant asked for.

The appeal is dismissed.

The attorney general, *L. Andrews,* for appellant.

*Smith & Lewis* for auditor.

