IN THE MATTER OF THE PETITION OF THE TERRITORY OF HAWAII TO REGISTER AND CONFIRM TITLE TO LAND.

RESERVED QUESTION FROM COURT OF LAND REGISTRATION.

SUBMITTED NOVEMBER 27, 1911.            DECIDED DECEMBER 1, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

COURTS—*stenographers, duties of.*

> The attorney-general is not entitled to receive free of cost a transcript of the evidence and proceedings in a case tried in the court of land registration in which the Territory was a party by reason of the fact that the stenographer who reported the case was an official stenographer of the circuit court of the first circuit, such stenographer not having been assigned the duty of acting as such reporter under section 1692 of the Revised Laws.

OPINION OF THE COURT BY ROBERTSON, C.J.

It is shown by the record in this matter that the Territory of Hawaii made application to the court of land registration to register and confirm its title to certain land; certain persons claiming interests adverse to the Territory appeared and contested the application; answers were filed and the cause was set down for hearing; at the commencement of the hearing all parties requested the services of a stenographer, and thereupon P. Maurice McMahon an official stenographer of the circuit court of the first judicial circuit, was called and sworn "to serve and act as stenographer" in the cause; that the third judge of said circuit court was the duly appointed and acting judge of the

court of land registration, having been designated as such by the chief justice pursuant to the provisions of section 2396 of the Revised Laws, as amended by Act 11 of the Session Laws of 1909; that at the conclusion of the hearing the court denied the petition of the Territory, whereupon the attorney-general noted and filed an appeal to this court and requested the entry of an order directing the stenographer to "prepare and furnish to the Territory of Hawaii, petitioner in the above entitled cause, a full and complete transcript of the evidence and proceedings in the above entitled cause without cost to the Territory."

The reserved question is thus stated: "Is the Territory of Hawaii, applicant in the above named cause, entitled to have and receive from P. Maurice McMahon Esq., without cost to it, for the purpose of its appeal, a transcript of the evidence and proceedings had upon the hearing of this cause?"

The statute establishing the court of land registration and providing for the appointment of a judge thereof (Act 56, Laws of 1903, R. L. Chap. 154) was amended in several particulars by Act 11 of the Laws of 1909. The amendatory act provided that a judge of the circuit court of the first circuit designated to so act by the chief justice of the supreme court shall be judge of the court of land registration, and that the clerk of the circuit court appointed by the circuit judge acting as judge of the court of land registration shall be *ex officio* registrar of the court of land registration.

The court of land registration has no official stenographer, and it appears to have been the practice in that court to employ stenographers as occasion required upon a per diem compensation. Section 1692 of the Revised Laws authorizes the first judge of the circuit court of the first circuit and the judges of the circuit courts of the other circuits to temporarily assign to any stenographer appointed by them respectively any appropriate duties in any court other than the one in which he is regularly employed. But the record before us contains no

intimation that the stenographer referred to was assigned any duties in the court of land registration by either the first judge or the third judge of the circuit court of the first circuit.

The attorney-general states his contention to be that McMahon, in acting as stenographer in the court of land registration, was so acting as a regular salaried employe of the government; that the work he was doing was a part of the duties reasonably appropriate to his office as the stenographer of the third judge of the first circuit court; that the service rendered was to his employer, the government, and that his regularly appropriated salary is all the remuneration to which he is entitled for services rendered to the government in his office. He lays stress upon the fact that the circuit judge and circuit court clerk perform duties in the court of land registration without compensation other than their respective salaries as judge and clerk of the circuit court. And he cites the case of *In re Andrews,* 16 Haw. 483, wherein it was held that it is one of the duties of an official stenographer of a circuit court to furnish free of charge a carbon copy of the transcript of evidence to the attorney-general on the direction of the circuit judge in a proper case.

We regard that case as not in point. We think that, notwithstanding under the Act of 1909, a circuit judge is required to act as judge of the court of land registration and his clerk is to perform the duties of registrar, the court of land registration is just as separate and independent a court as it was prior to the passage of that act. A regularly appointed stenographer of the circuit court is under no obligation to perform duties as stenographer of the court of land registration, and only voluntarily would he act as stenographer in that court unless the duty to so act should be assigned to him pursuant to section 1692 of the Revised Laws. The question must be decided as though the judge of the court of land registration was not a circuit judge, and as though the stenographer employed in the case in question was not an official stenographer

Territory v. Court of Land Registration, 20 Haw. 699.

of the circuit court. The employment of a stenographer under such circumstances "to serve and act as stenographer" in a pending case, clearly, would not be understood by the stenographer or by court or counsel as contemplating the furnishing of a transcript of the testimony to the government free of cost. See *In re Peters,* 18 Haw. 659.

In this view it is obvious that it is no part of Mr. McMahon's duties as an official stenographer of the circuit court to furnish without compensation other than his salary as such officer a transcript of the testimony taken in a case in the court of land registration in which he happened to act as reporter.

The question reserved is answered in the negative.

*A. Lindsay, Jr., Attorney-General,* and *A. G. Smith, Deputy Attorney-General,* for the Territory.

*E. C. Peters* and *F. Schnack* for P. M. McMahon.